IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| KIMBERLY HALL,<br><br>Plaintiff,<br><br>v.<br><br>AUGUSTA-RICHMOND COUNTY, ALPHONZA WILLIAMS, TAMEKA WILLIAMS, and CHARLES JACKSON,<br><br>Defendants. | CASE NO.: 1:26-cv-232 |

## ANSWER

COME NOW Defendants and file this Answer to Plaintiff's complaint, showing the Court the following:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Some or all of Plaintiff's claims fail due to lack of subject matter jurisdiction.

### Third Defense

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

### Fourth Defense

Some or all of Plaintiff's claims are barred by immunity pursuant to the 11th Amendment of the United States Constiution.

### Fifth Defense

To the extent that they are being sued in an individual capacity, Defendants are entitled to qualified and official immunity.

**Sixth Defense**

To the extent that Defendants are being sued in their official capacities, Plaintiff's § 1983 claims are not cognizable.

**Seventh Defense**

Some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust available administrative remedies.

**Eighth Defense**

All employment actions Plaintiff faced were for legitimate and non-discriminatory reasons.

**Ninth Defense**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**Tenth Defense**

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

**Eleventh Defense**

Defendants hereby respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 1 of Plaintiff's complaint.
2. Defendant's name is Augusta, Georgia but Defendants otherwise admit the allegations set forth in paragraph 2 of Plaintiff's complaint.
3. Defendants admit only that Alphonza Williams is a Deputy Director in Augusta's Recreation and Parks Department; otherwise, Defendants are without sufficient

information to admit or deny the allegations set forth in paragraph 3 of Plaintiff's complaint.

4. Defendants admit only that Tameka Williams is the Director of Augusta's Recreation and Parks Department; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 4 of Plaintiff's complaint.

5. Defendants admit only that Charles Jackson is a Deputy Administrator of Augusta; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 5 of Plaintiff's complaint.

6. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 6 of Plaintiff's complaint.

7. The substance of paragraph 7 is introductory such that a response is not required. To the extent that further response is required, Defendants admit only that Plaintiff appears to bring claims under Title VII, Section 1983, and O.C.G.A. § 45-1-4.

8. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 8 of Plaintiff's complaint.

9. Defendants admit the allegations set forth in paragraph 9 of Plaintiff's complaint.

10. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiff's complaint.

11. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiff's complaint.

12. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 12 of Plaintiff's complaint.

13. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 13 of Plaintiff's complaint.
14. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 14 of Plaintiff's complaint.
15. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 15 of Plaintiff's complaint.
16. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 16 of Plaintiff's complaint.
17. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 17 of Plaintiff's complaint.
18. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 18 of Plaintiff's complaint.
19. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 19 of Plaintiff's complaint.
20. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 20 of Plaintiff's complaint.
21. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 21 of Plaintiff's complaint.
22. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 22 of Plaintiff's complaint.
23. Defendants deny the allegations set forth in paragraph 23 of Plaintiff's complaint.
24. Defendants deny the allegations set forth in paragraph 24 of Plaintiff's complaint.
25. Defendants deny the allegations set forth in paragraph 25 of Plaintiff's complaint.
26. Defendants admit only that McDowell resigned; otherwise, Defendants deny the

allegations set forth in paragraph 26 of Plaintiff's complaint.

27. Defendants admit only that Exhibit 1 speaks for itself; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 27 of Plaintiff's complaint.
28. Defendants incorporate as if fully restated herein their responses set forth in paragraphs 1 through 27 above.
29. Defendants admit only that Augusta is subject to Title VII; otherwise, Defendants deny the allegations set forth in paragraph 29 of Plaintiff's complaint.
30. Defendants deny the allegations set forth in paragraph 30 of Plaintiff's complaint.
31. Defendants deny the allegations set forth in paragraph 31 of Plaintiff's complaint.
32. Defendants deny the allegations set forth in paragraph 32 of Plaintiff's complaint.
33. Defendants deny the allegations set forth in paragraph 33 of Plaintiff's complaint.
34. Defendants deny the allegations set forth in paragraph 34 of Plaintiff's complaint.
35. Defendants deny the allegations set forth in paragraph 35 of Plaintiff's complaint.
36. Defendants incorporate as if fully restated herein their responses set forth in paragraphs 1 through 35 above.
37. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 37 of Plaintiff's complaint.
38. Defendants admit only that the Equal Protection Clause speaks for itself; otherwise, Defendants deny the allegations set forth in paragraph 38 of Plaintiff's complaint.
39. Defendants deny the allegations set forth in paragraph 39 of Plaintiff's complaint.
40. Defendants deny the allegations set forth in paragraph 40 of Plaintiff's complaint.
41. Defendants deny the allegations set forth in paragraph 41 of Plaintiff's complaint.

42. Defendants incorporate as if fully restated herein their responses set forth in paragraphs 1 through 41 above.

43. This paragraph sets forth legal conclusions to be determined by the court and to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 43 of Plaintiff's complaint.

44. Defendants deny the allegations set forth in paragraph 44 of Plaintiff's complaint.

45. Defendants deny the allegations set forth in paragraph 45 of Plaintiff's complaint.

46. Defendants deny the allegations set forth in paragraph 46 of Plaintiff's complaint.

47. Defendants deny the allegations set forth in paragraph 47 of Plaintiff's complaint.

48. Defendants deny the allegations set forth in paragraph 48 of Plaintiff's complaint.

49. Defendants deny the allegations set forth in paragraph 49 of Plaintiff's complaint.

## Twelfth Defense

Defendants hereby deny each and every requested prayer for relief contained in Plaintiff's complaint.

## Thirteenth Defense

To the extent that an answer to any allegation was omitted or not admitted, Defendants hereby deny all such allegations.

**Wherefore**, Defendants pray that this Court:

a. Dismiss Plaintiff's Complaint with prejudice;
b. Grant judgment to Defendants;
c. Assess all costs against Plaintiff;
d. Award Defendants attorney's fees; and
e. Award such other and further relief as just and proper.

Respectfully submitted this 22nd day of October 2026.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| KIMBERLY HALL,<br><br>Plaintiff,<br><br>v.<br><br>AUGUSTA-RICHMOND COUNTY, ALPHONZA WILLIAMS, TAMEKA WILLIAMS, and CHARLES JACKSON,<br><br>Defendants. | CASE NO.: 1:26-cv-232 |

**CERTIFICATE OF SERVICE**

This is to certify that the within and foregoing **Answer** was served upon the following party in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system or by mailing a copy via United States Mail with adequate postage attached thereon to:

Jeffrey F. Peil
Huggins Peil, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, Georgia 30809
jpeil@hugginsfirm.com

This 22nd day of October 2026.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com